IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

EDWIN T. LIMBRICK                          §

VS.                                        §                CIVIL ACTION NO. 1:12-CV-20

UNITED STATES OF AMERICA                   §

MEMORANDUM OPINION AND ORDER

Movant, Edwin T. Limbrick, a federal prisoner currently confined at the Lee U.S. Penitentiary in Jonesville, Virginia, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Background

Between March and June of 1994, movant and four co-defendants were involved in a series of armed robberies in a three-county area of East Texas. On October 18, 1996, a federal grand jury in the Eastern District of Texas returned a seventeen-count, third superseding indictment against movant and his co-defendants. Movant was charged in Count 1 with conspiring to obstruct interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (the Hobbs Act). In Counts 2, 4, 6 and 8, movant was charged with obstructing interstate commerce by committing robbery, in violation of 18 U.S.C. §§ 1951 and 2. In Counts 3, 5, 7, and 9, movant was charged with using or carrying a firearm during and in relation to the robberies, in violation of 18 U.S.C. §§ 1942(c) and 2.

Movant proceeded to trial with his co-defendants. On November 8, 1996, the jury found movant's co-defendants guilty of each count with which they were charged. Movant was found not guilty of Counts 2, 3, 4, and 5, and guilty of the remaining charges. On March 7, 1997, the Court sentenced movant to 240 months of imprisonment on Counts 1, 6 and 8; 60 months of imprisonment on Count 7; and 240 months on Count 9. Each term of imprisonment was imposed to run consecutive to the other terms, for a total of 1020 months of imprisonment.

Movant appealed the judgment. On September 21, 1998, a panel of the United States Court of Appeals for the Fifth Circuit affirmed the convictions and sentences. The Fifth Circuit granted rehearing en banc and vacated the panel opinion. On June 21, 1999, an evenly divided en banc Court affirmed the convictions and sentences. Movant's petition for writ of certiorari was denied on May 30, 2000.

## Discussion

Movant filed the present motion to vacate, set aside, or correct sentence on December 12, 2011. In this motion, movant argues the following points of error:

1. The statues under which movant was convicted are facially void for vagueness as applied to movant's conduct;

2. The statues under which movant was convicted violate "jeopardy due process" as applied to movant; and

3. The statues under which movant was convicted violate the Tenth Amendment as applied to movant.

Under 28 U.S.C. § 2255,

[a] second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court was previously unavailable.

Section 2244(b)(3)(A), in turn, provides "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Both § 2255 and § 2244(b)(3)(A) contemplate that a § 2255 movant seek certification from the Fifth Circuit Court of Appeals for the filing of a second or successive § 2255 motion before the motion is actually filed in the District Court. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000)

("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), § 2255."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (" § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion), *cert. denied*, 526 U.S. 1011 (1999).

Because there is nothing in the record to indicate that movant sought and received the appropriate certification from the Fifth Circuit Court of Appeals prior to filing the instant § 2255 motion, or that since the filing of the motion he has obtained the necessary certification, this Court is without jurisdiction to entertain this § 2255 proceeding. As such, this successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is dismissed without prejudice for lack of jurisdiction.

Conclusion

For the foregoing reasons stated herein, movant's successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED** without prejudice for lack of jurisdiction.

**SIGNED** this the 6 day of **February, 2012.**

_____
Thad Heartfield
United States District Judge